## Murray, Appellant, *v.* Smith et al.

*Practice, Supreme Court—Appeals—Errors due to conduct of appellant's counsel—Assignments of error—Defective assignments.*

In an action of assumpsit brought by a physician to recover compensation for professional services, where the controlling questions of fact and law were not numerous, intricate or confusing, but were made so by the conduct of counsel during the trial, and upon a review of the whole record, it appeared that, under the competent evidence submitted to the jury, there was no merit in the plaintiff's claim, a verdict for the defendant will be sustained although there might have been technical errors, resulting from the conduct of counsel at the trial, especially where the rules relating to assignments of error were violated.

Argued Sept. 26, 1917. Appeal, No. 34, Oct. T., 1917, by plaintiff, from judgment of C. P. Jefferson Co., Nov. T., 1914, No. 103, on verdict for defendants, in case of John H. Murray v. W. O. Smith, E. C. McKibben, E. W. Robinson, J. P. Wilson, S. A. Rinn, F. C. Lang, W. A.

Sutter, H. G. Bowers, Dr. S. J. Hughes, G. C. Brown, A. B. White and Jacob L. Fisher, Executors of the Last Will and Testament of Emma M. Weber, deceased. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for medical services rendered defendants' decedent. Before SLOAN, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and instructions to the jury.

*Raymond E. Brown, H. C. Campbell, Gillespie and Gillespie* and *W. B. Adams,* for appellant.

*John W. Reed,* with him *Clark & Stewart* and *Jacob L. Fisher,* for appellee.

PER CURIAM, January 7, 1918:

It may well be admitted, as suggested in the brief of appellant's counsel, that the trial of this case was long, involved many intricate, controverted and confusing questions of law and fact, and was warmly, even bitterly contested by opposing counsel, but this admission must be accompanied by the suggestion that it was entirely owing to the manner in which the trial was conducted by counsel of both parties. The case was very simple, an action of assumpsit by a physician to recover compensation for professional services, and the controlling questions of fact and law were neither numerous, intricate, nor confusing, but were made so solely by the inexcusable conduct of the leading counsel during the trial of the case which manifestly tended to mislead rather than aid in the solution of the questions involved in the case. Of course, the court should not have permitted

such conduct, but, if it resulted injuriously to the client of either party, he is not in a position to complain.

We have reviewed this record with care, and are satisfied that under the competent evidence submitted to the jury there is no merit in the plaintiff's claim, and the jury and court reached the correct conclusion. We, therefore, should and will not be astute in searching for technical errors, made possible by the irregular and unusual manner pursued by counsel in the conduct of the trial resulting in substantial justice between the parties. The greater number and possibly all of the assignments of error are in violation of the rules of this court, and, for the reasons stated, we are not inclined to overlook such dereliction and aid the defeated party in continuing the litigation by reversing a judgment amply warranted by the evidence. We find no reversible error in the assignments considered, and, therefore, the judgment is affirmed.